CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 18, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **KING CEDRIC OMAR SNEAD,** | |
| Plaintiff, | Case No. 7:24CV00274 |
| v. | **OPINION** |
| **COVINGTON, VA.,** | JUDGE JAMES P. JONES |
| Defendant. | |

*King Cedric Omar Snead, Pro Se Plaintiff.*

The plaintiff, King Cedric Omar Snead, proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that unnamed jail officials used excessive force on him about fourteen years ago.[1] Upon review of the Complaint, I conclude that the claims in this action must be summarily dismissed as time barred under the applicable statute of limitations.

I.

Snead, who without explanation calls himself a king, sues Covington, a city in Virginia, concerning events that allegedly occurred while Snead was confined at the Allegheny County Regional Jail (the jail). He alleges that he "was water boarded in Sally Port of the jail with Cheese Cloth over [his] face, around the year

---

[1] Snead filed this Complaint on a form designed for use by state inmates, but he indicates that when he filed the lawsuit, he was at Western State Hospital for unspecified reasons.

of 2010-2011?" Compl. 2, ECF No. 1. He asserts that this event was captured on camera and that he was in restraints at the time. He states, "This is a refile, this case keep [sic] disappearing, off intermat, [sic] and I'm asking for all advances, This Class Action Law Suit has already processed." *Id.* As relief, Snead demands "[d]efendants be charged and brought to justice also a class action 1983 tite 7th [sic] law suite stated, unlimited money and ReScloase [sic]." *Id.* at 3.

In separate pages submitted with this § 1983 Complaint, Snead alleges other possible § 1983 claims. On May 9, 2009, "that was the assault by the road deputy there in Alleghany Co., Covington VA" and "was put in the hospital and face was sewn together."[2] Compl. Attach. 2, ECF No. 1-1. He also refers to being "waterboarded in the restraint chair with a bag over [his] face," while "in the sally port" of the jail. *Id.* In addition, Snead alleges that he "was framed" by a jail deputy who claimed Snead attacked him. *Id.* Snead asserts that he was "found not guilty."[3] *Id.*

I have reviewed the only civil case that Snead filed in this court before 2021: *Snead v. Alleghany Sheriff Dept.*, No. 7:09CV00198, docketed on May 22, 2009.

---

[2] Another possible version of this incident or a similar one alleges that a deputy smashed Snead's head in to wall [sic]" and then someone "choke[d] him in elevator." *Id.* at 4.

[3] An additional attachment to the Complaint lists these claims that Snead has allegedly "refiled": (1) waterboarding incident; (2) false charge for attacking a deputy; and (3) beaten by a deputy, who slammed his head into a wall and choked him in the elevator, and then placed him in a restraint chair. Compl. Attach. 1, ECF No. 1-2.

In that Complaint, Snead did not identify any defendant except the Allegheny Sheriff's Department (ASD). He complained that he was "in hand cuff [sic] when head was slam[m]ed in wall" and he "was in the Hospital for very Bad eye, head, injury, from the act of the law enforcement official." Compl. 2, ECF No. 1. As relief in this lawsuit, Snead demanded to have "something done about the abuse [he] received" while in ASD custody. *Id.*

The court granted Snead's application to proceed in forma pauperis and summarily dismissed the case under 28 U.S.C. § 1915(e)(2)(B) based on a finding that the only named defendant (the sheriff's department) was entitled to sovereign immunity and could not be sued in federal court. *Snead v. Alleghany Sheriff Dep't*, No. 7:09CV00198, 2009 WL 2003399 (W.D. Va. July 7, 2009). The Court expressly stated, "to the extent that Snead claims damages for his injuries, Eleventh Amendment immunity would not preclude Snead from bringing an individual capacity § 1983 action against the law enforcement officers responsible for his injury." *Id.* at *1. The decision also noted that Snead was no longer incarcerated. *Id.* at *1 n.2.

Snead's 2009 civil action was not certified as a class action. Moreover, it would have been "plain error to permit this imprisoned litigant who [was] unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Finally, the court's dismissal

Order did not direct the defendant to pay him any sum of money in advance or otherwise. Snead did not appeal the dismissal Order. Although Snead claims that he is now refiling the three claims mentioned in his 2024 Complaint, there is no record that he filed any of those claims against proper defendants in their individual capacities, as the prior Opinion suggested he could do.

In the last three years, Snead has written numerous letters to the Court concerning his 2009 lawsuit, and he has talked to Court staff countless times on the telephone. He claims that his lawsuit about the 2009 incidents at the jail keeps disappearing from the internet. On the contrary, as the Clerk's office staff has responded to Snead through several letters and phone conversations, the Court's electronic docket shows that he filed a lawsuit in 2009 that was dismissed; it has not disappeared, but rather, it is simply closed and did not grant him any relief. The Clerk has also informed Snead that the Court does not understand his insistence that he should have received any so-called advance related to any prior lawsuit. Finally, neither that 2009 lawsuit nor any lawsuit Snead has filed since then was ever certified as a class action.

## II.

I conclude that Snead's claims in this 2024 case are untimely filed under the applicable statute of limitations and that he has not stated facts on which he can invoke equitable tolling. Therefore, I will dismiss the case.

Because Congress did not set time limits for filing a § 1983 action, courts must utilize the statute of limitations applicable to general personal injury actions in the state where the tort allegedly occurred. *Owens v. Okure*, 488 U.S. 235, 239, 250 (1989). Such actions in Virginia are subject to Va. Code Ann. § 8.01-243(A) and must be filed within two years from the date on which the claim accrues. *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). A § 1983 claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc).

It is self-evident that Snead knew of his alleged injuries by the defendants within days of the alleged events occurring in 2009 through 2011 and could have discovered his claims against them through a reasonable inquiry. Thus, I find that his § 1983 claims accrued no later than the end of 2011. Yet, Snead did not sign and date his current Complaint until April 12, 2024,[4] more than twelve years after his claims accrued. Thus, his current § 1983 claims are time-barred under § 8.01-243(A).

---

[4] An inmate's § 1983 action is commenced for purposes of the statute of limitations when he delivers his complaint to prison authorities for mailing. *Wentz v. Ames*, No. 2:22-CV-00528, 2024 WL 962301, at *4 (S.D.W. Va. Mar. 6, 2024) (citing *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735–36 (4th Cir. 1991)). For purposes of this Opinion, I will assume that Snead delivered his Complaint to authorities for mailing on the same day when he signed and dated it.

Virginia statutes provide for tolling of limitations periods, pursuant to Va. Code Ann. § 8.01-229. Snead fails to state facts showing that he is entitled to tolling of the limitations period applicable to his § 1983 claims. Section § 8.01-229(A)(2)(b) provides that if after a cause of action accrues, the

> person entitled to bring such action becomes incapacitated, the time during which he is incapacitated shall not be computed as any part of the period within which the action must be brought.
> . . . .
> [A] person shall be deemed incapacitated if he is so adjudged by a court of competent jurisdiction, or if it shall otherwise appear to the court or jury determining the issue that such person is or was incapacitated within the prescribed limitations period.

In applying this section, courts have adopted the more specific definition of "incapacitated" in Va. Code § 37.2-1000 (now codified at § 64.2-2000):

> "Incapacitated person" means an adult who has been found by a court to be incapable of receiving and evaluating information effectively and responding to people, events, or environments to such an extent that the individual lacks the capacity to (i) meet the essential requirements for his health, care, safety, or therapeutic needs without the assistance or protection of a guardian or (ii) manage property or financial affairs or provide for his support or for the support of his legal dependents without the assistance or protection of a conservator. A finding that the individual displays poor judgment alone shall not be considered sufficient evidence that the individual is an incapacitated person within the meaning of this definition.

*Calvert v. State Farm Fire & Cas. Co.*, No. 5:12CV00012, 2012 WL 2804838, at *9 (W.D. Va. July 10, 2012) (quoting what is now Va. Code Ann. § 64.2-2000).

Snead does not allege that he was mentally incapacitated in these respects at any time between 2011 and 2024. At the most, this lawsuit and prior submissions

Snead has filed since 2021 mention that he was located at one state mental hospital or another in the last three to four years before filing the current action. Nothing in the record, however, indicates that Snead was incapacitated to the extent contemplated by Virginia law in the two years after the 2011 accrual of his current claims. Indeed, the court's Opinion in his 2009 lawsuit indicates that when that case was dismissed, Snead had been released from incarceration.

Snead simply has not alleged or presented evidence that in the two years after the alleged incidents of excessive force by law enforcement officers at the jail in 2009–11, he suffered from mental incapacitation or otherwise was entitled to tolling under § 8.01-229(A)(2)(b). The court's dismissal of Snead's prior § 1983 case in 2009 did not demonstrate that he was mentally incapacitated to the extent required to warrant tolling during the critical two-year period after the claims in that case occurred. Nor do the court's dismissals of Snead's more recent cases, filed between 2021 and 2024, indicate that equitable tolling is warranted to allow refiling of his time-barred claims. Finally, Snead does not state facts showing that he suffers from any condition so serious as to constitute incapacitation for tolling purposes.

III.

When a court finds it clear from the face of the plaintiff's submissions that his legal claims are time-barred and he filed his lawsuit in forma pauperis, the

court may summarily dismiss the action as frivolous under § 1915(e)(2)(B). *Nasim*, 64 F.3d at 956. For the stated reasons, I find it plain from Snead's filings in this case and the court's docket that his claims were untimely filed under the applicable statute of limitations, Va. Code Ann. § 8.01-423(a). I also conclude that Snead has not demonstrated facts on which he qualifies to invoke equitable tolling of the limitation period under the incapacitation provision in Va. Code Ann. § 8.01-229(A)(2)(b). Therefore, I will dismiss this action under § 1915(e)(2)(B)(1) as legally frivolous. Finally, in the absence of facts suggesting any manner by which this court could consider the merits of Snead's § 1983 claims, given the long passage of time, I cannot find that appointment of counsel is warranted in this case. *Alexander v. Parks*, 834 F. App'x 778, 782 (4th Cir. 2020) (unpublished).[5]

An appropriate Final Order will enter this day.

DATED: November 18, 2024

/s/ JAMES P. JONES
Senior United States District Judge

---

[5] *Alexander* emphasizes "a litigant in a 42 U.S.C. § 1983 suit has no right to appointed counsel," and recognizes that "28 U.S.C. § 1915 does not authorize compulsory appointment of counsel." *Id.* In some circumstances, however, "a district court's refusal to appoint counsel may be an abuse of discretion when a pro se litigant has a colorable claim but lacks the capacity to present it." *Id.* (internal quotation marks and citations omitted). In Snead's case, the many years between the events on which he bases his claims and his current attempts to revive those claims render the claims legally frivolous, for reasons explained in this Opinion. Therefore, I cannot find that appointment of counsel, as Snead requests in his submissions, is warranted.